J-S35035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RICHARD FRANK SHAFFER | : | |
| | : | |
| Appellant | : | No. 1839 WDA 2016 |

Appeal from the Judgment of Sentence November 3, 2016
In the Court of Common Pleas of Indiana County
Criminal Division at No(s):  CP-32-CR-0001188-2015

BEFORE:   LAZARUS, RANSOM, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED JUNE 06, 2017**

Appellant Richard Frank Shaffer appeals from the judgment of sentence entered in the Court of Common Pleas of Indiana County on November 3, 2016, following his jury trial convictions of possession with the intent to deliver a controlled substance (heroin) and possession of a controlled substance (heroin).[1]  Appellant's counsel also has filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and its Pennsylvania counterpart **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009) (hereinafter "**Anders** Brief") together with a petition to

---

[*] Former Justice specially assigned to the Superior Court.
[1] 35 Pa.C.S.A. §§ 780-113(a)(30) & (16), respectively.

withdraw as counsel.[2]   Following our review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Appellant's convictions arose following a controlled drug buy on April 28, 2014, at which time he sold heroin to a confidential informant (CI).  The trial court summarized the relevant facts pertaining to the encounter as follows:

> At [Appellant's] trial, the jury was presented with evidence of the circumstances of the controlled buy as well as the procedures employed by the Pennsylvania State Police.  In this case, the CI contacted [Appellant] about purchasing heroin and the parties agreed to meet at a local Sheetz convenience store.  The CI arrived as a passenger in an unmarked vehicle driven by Pennsylvania State Trooper Rebecca Fabich.  [Appellant] entered the backseat of the vehicle and directed Trooper Fabich to drive to the Maple Street Apartments, an apartment complex located approximately one mile away.  Upon arrival at the apartment complex, [Appellant] exited the vehicle and then returned approximately five minutes later.  Once [Appellant] was back in the vehicle, he handed the CI ten stamp bags of heroin in exchange for $100.00.  Trooper Fabich was present in the vehicle with the CI throughout the entire transaction.
>
> During Trooper Fabich's testimony, the jury also heard how both the CI's person and the unmarked vehicle are searched at the Pennsylvania State Police barracks immediately before and after the buy.  A Pennsylvania State Police forensic scientist then proceeded to explain how the stamp bags were analyzed and testified that all ten bags were positively identified as containing heroin.

Trial Court Opinion, filed January 24, 2017, at 1-2.

_____

[2] **Anders** set forth the requirements for counsel to withdraw from representation on direct appeal, and our Supreme Court applied **Anders** in **Santiago**.

On November 2, 2016, Appellant was sentenced to two (2) years to five (5) years' incarceration for his PWID conviction, and he received no further penalty for the possession of a controlled substance conviction as the crimes merged for sentencing purposes. Although Appellant did not file a post-sentence motion, he filed a timely notice of appeal on November 23, 2016. On November 29, 2016, the trial court directed Appellant to file a concise statement of matters complained of on appeal. Appellant complied and filed the same on December 16, 2016, wherein he challenged the weight of the evidence presented at trial. The trial court filed its Rule 1925(a) Opinion on January 24, 2017.

On March 8, 2017, counsel filed her **Anders** Brief and Petition for Leave to Withdraw as Counsel. Appellant has filed no further submissions either *pro se* or through privately-retained counsel. The Commonwealth filed a brief with this Court on April 10, 2017.

Prior to addressing the question raised on appeal, we must first resolve counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). **See also Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa.Super. 2005) (citation omitted) (stating "[w]hen faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). There are procedural and briefing requirements imposed upon

an attorney who seeks to withdraw on appeal pursuant to which counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted). In addition, our Supreme Court in **Santiago** stated that an **Anders** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 178-79, 978 A.2d at 361. Counsel also must provide the appellant with a copy of the **Anders** brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa.Super. 2007) (citation omitted). Substantial compliance

with these requirements is sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super. 2007).

Herein, counsel contemporaneously filed her Petition for Leave to Withdraw as Counsel and ***Anders*** Brief. In her Petition, counsel states that after a careful and conscientious examination of the record she has determined that an appeal herein is wholly frivolous. ***See*** Petition for Leave to Withdraw at ¶ 2. The Petition further explains that counsel notified Appellant of the withdrawal request and forwarded a copy of the ***Anders*** Brief to Appellant together with a letter explaining his right to proceed *pro se* or with new, privately-retained counsel to raise any additional points or arguments that Appellant believed had merit. ***See id.*** at ¶ 4; ***see also*** attached Letter to Appellant. The notice letter indicates that a copy of the Petition to Withdraw as Counsel and ***Anders*** Brief were served on Appellant and correctly informs Appellant of his rights.

In the ***Anders*** brief, counsel provides a detailed summary of the facts and procedural history of the case with citations to the record, refers to evidence of record that might arguably support the issue raised on appeal challenging the weight of the evidence, provides citations to relevant case law, and states her reasoning and conclusion that the appeal is wholly frivolous. ***See Anders*** Brief at 4-10. Accordingly, counsel has complied with all of the technical requirements of ***Anders*** and ***Santiago***. As Appellant filed neither a *pro se* brief nor a counseled brief with new, privately-retained

counsel, we proceed to examine the issue of arguable merit identified in the *Anders* Brief. Therein, counsel presents the following Statement of Questions Involved: "Was the verdict of guilty of Delivery of a Controlled Substance-.29 grams of Heroin (F) and Possession of a Controlled Substance- .29 grams of Heroin (M) against the weight of the evidence presented by the Commonwealth at trial?" *Anders* Brief at 4.

Before we reach the merits of Appellant's claim, we must first determine whether he has properly preserved it for our review. It is well-established that a challenge to the weight of the evidence must first be raised at the trial level (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion. *In re J.B.*, 630 Pa. 124, 160, 106 A.3d 76, 97 (2014). As noted in the comment to Pa.R.Crim.P. 607, the purpose of the Rule is to clarify that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived, for appellate review of a weight claim is limited to a review of the trial court's discretion. *See* Pa.R.Crim.P. comment.

Generally, a claim challenging the weight of the evidence cannot be raised for the first time in a Pa.R.A.P. 1925(b) statement, and an appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that

claim, even if the trial court responds to the claim in its Rule 1925(a) opinion. ***Commonwealth v. Griffin***, 65 A.3d 932, 938 (Pa.Super. 2013).

Instantly, Appellant failed to challenge the weight of the evidence before the trial court orally or in writing prior to sentencing or by written motion after sentencing. ***See*** Pa.R.Crim.P. 607(A); ***Griffin***, ***supra***. Rather, Appellant raised his weight claim for the first time in his Rule 1925(b) statement. Thus, his challenge to the weight of the evidence on appeal is waived. ***See*** Pa.R.Crim.P. 607; ***In re J.B., supra***; ***Griffin, supra***.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.[3]

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2017

---

[3] This Court may affirm the trial court's order on any valid basis. ***Plasticert, Inc. v. Westfield Ins Co.***, 923 A.2d 489 (Pa.Super. 2007).